**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

# NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **September 24, 2026**

LOCATION OF HEARING SESSION: Northwestern Pritzker School of Law
Thorne Auditorium
375 E Chicago Ave.
Chicago, IL 60611

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel requesting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.
- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **August 31, 2026.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

Jessica D. Birnbaum

Jessica D. Birnbaum
Clerk of the Panel

cc: Clerk, United States District for the Northern District of Illinois

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

## HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on September 24, 2026, the Panel will convene a hearing session in Chicago, Illinois to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Dale A. Kimball | Madeline Cox Arleo |
| M. Casey Rodgers | Richard Seeborg |

SCHEDULE OF MATTERS FOR HEARING SESSION
September 24, 2026 –– Chicago, Illinois

**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3194 − **IN RE: ABBOTT LABORATORIES SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION**

Motion of Plaintiffs Ray Lavigne and Renee Moss to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

JEAN CHARTER, ET AL. v. ABBOTT LABORATORIES, C.A. No. 2:26−05178

Eastern District of California

RICHARDS, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 2:26−01555

Northern District of California

FURIA, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 4:26−01945
SHELP, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 4:26−02079

Northern District of Illinois

FULLER v. ABBOTT LABORATORIES, C.A. No. 1:25−12714
FERGUSON v. ABBOTT LABORATORIES, C.A. No. 1:25−13341
TUTTLE v. ABBOTT LABORATORIES, C.A. No. 1:25−15083
REUSS v. ABBOTT LABORATORIES, C.A. No. 1:26−01905
MELBY v. ABBOTT LABORATORIES, C.A. No. 1:26−02857
STOOKEY v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:26−04172
LIVINGSTON v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:26−05322
LAVIGNE v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:26−05356

District of Maryland

MOSS v. ABBOTT LABORATORIES, ET AL., C.A. No. 8:26−02004

District of New Jersey

LEBRON CRUZ v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:26−06326

Northern District of New York

HAYNES v. ABBOTT LABORATORIES, ET AL., C.A. No. 5:26−01097

MDL No. 3195 − **IN RE: NEVRO CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION**

Motion of Plaintiffs Melvin Clay, Jr., Victoria Gooding, Margueritte Hawken, Richard Lutke, Anita Manley, J.B. Mounteer, Patricia Ramirez, and James Tripp, to transfer the following actions to the United States District Court for the Central District of California or, alternatively, to the United States District Court for the Northern District of California:

Northern District of California

BROOKS v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−01137
MANLEY v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02507
LUTKE v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02513
MOUNTEER v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02514
GOODING v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02515
TRIPP v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02518
RAMIREZ v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02519
HAWKEN v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02522
CLAY v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−02896
SPRADLEY v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−03180
HILL v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−03956
POWELL v. NEVRO CORPORATION, ET AL., C.A. No. 4:26−04803

District of Colorado

FORD v. NEVRO CORP., ET AL., C.A. No. 1:26−02115

District of Maryland

DITOTO v. NEVRO CORPORATION, C.A. No. 1:25−01388

District of New Mexico

YUSNUKIS v. NEVRO CORPORATION, C.A. No. 1:24–00355

Northern District of Ohio

POSPISIL v. NEVRO CORPORATION, ET AL., C.A. No. 3:26–00980

District of South Carolina

LHAMON v. NEVRO CORPORATION, ET AL., C.A. No. 4:26–00867

MDL No. 3196 – **IN RE: 2026 MULTISTATE CYCLOSPORIASIS OUTBREAK LITIGATION**

Motion of Plaintiffs Victor Granados, et al., to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

GRANADOS, ET AL. v. TAYLOR FRESH FOODS, INC., C.A. No. 5:26–07346

Eastern District of Michigan

PARRISH, ET AL. v. TACO BELL CORP., ET AL., C.A. No. 2:26–12448

Northern District of Ohio

AYYAD v. PACIFIC BELLS, LLC, ET AL., C.A. No. 1:26–01648

MDL No. 3197 – **IN RE: AMAZON TARIFF LITIGATION**

Motion of Plaintiffs Mari Cartagenova, et al., to transfer the following actions to the United States District Court for the Western District of Washington:

Middle District of Florida

LASSETER v. AMAZON.COM, INC., C.A. No. 8:26–02019

Eastern District of Michigan

EMERSON v. AMAZON.COM, INC., ET AL., C.A. No. 2:26–12614

Eastern District of New York

POLISTICO v. AMAZON.COM, INC., ET AL., C.A. No. 1:26−04194
RITTENHOUSE v. AMAZON.COM, INC., C.A. No. 2:26−03392

Northern District of Ohio

SANGHA v. AMAZON.COM, INC., ET AL., C.A. No. 1:26−01777

Western District of Washington

IN RE AMAZON TARIFF LITIGATION, C.A. No. 2:26−01670

MDL No. 3198 − **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ELIGIBILITY RULES ANTITRUST LITIGATION**

Motion of Defendant National Collegiate Athletic Association to transfer the following actions to the United States District Court for the Middle District of Tennessee:

District of Colorado

WISNE, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 1:26−03063

Northern District of Georgia

MORTON v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 1:26−01538

District of Nevada

FULLER v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 2:26−01974
WILEY v. NCAA, C.A. No. 2:26−02281

Eastern District of Tennessee

ZEIGLER v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 3:25−00226

Middle District of Tennessee

PAVIA v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 3:24−01336
BOYD v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 3:25−00729
PATTERSON, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, C.A. No. 3:25−00994

MDL No. 3199 − **IN RE: APPLE AIRTAG MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of Plaintiffs Jane Doe S.B. 1, et al., to transfer the following actions to the United States District Court for the District of Arizona:

District of Arizona

DOE v. APPLE INCORPORATED, C.A. No. 2:26−05261
DOE S.B. 1 v. APPLE INCORPORATED, C.A. No. 2:26−05421

Central District of California

AINE O'NEILL, ET AL. v. APPLE, INC., C.A. No. 2:26−07457

District of Colorado

BRADY v. APPLE, INC., C.A. No. 1:26−03073

Middle District of Florida

DOE D.C. 1 v. APPLE, INC., C.A. No. 3:26−01974
SCHUELE v. APPLE, INC., C.A. No. 8:26−01955
BALLESTER v. APPLE, INC., C.A. No. 8:26−01956

Northern District of Georgia

CASTLE v. APPLE, INC., C.A. No. 1:26−03851
ALOWONLE v. APPLE, INC., C.A. No. 1:26−03867
JOHNSON v. APPLE, INC., C.A. No. 1:26−03927

District of Maryland

WILLIAMS v. APPLE, INC., C.A. No. 8:26−02723
BEIDLEMAN v. APPLE, INC., C.A. No. [1] 8:26−02736

Eastern District of Michigan

DOE−1, ET AL. v. APPLE, INC., C.A. No. 2:26−12764

Western District of North Carolina

MILLER v. APPLE, INC., C.A. No. 3:26−00556

District of New Jersey

BURKE v. APPLE, INC., C.A. No. 2:26–08495

District of Nevada

DOE v. APPLE, INC., C.A. No. 2:26–02178

Eastern District of New York

HOPKINS v. APPLE, INC., C.A. No. 2:26–04251
DOE v. APPLE, INC., C.A. No. 2:26–04252

Southern District of New York

DOE, N.G. 1 v. APPLE, INC., C.A. No. 7:26–06656

Western District of New York

MORRIS v. APPLE, INC., C.A. No. 6:26–06700

Southern District of Ohio

HARRIS v. APPLE, INC., C.A. No. 1:26–00680

Eastern District of Texas

DOE E.D. 1 v. APPLE INC., C.A. No. 1:26–00340

Southern District of Texas

LOVINS v. APPLE, INC., C.A. No. 4:26–05560

Western District of Texas

HUGHES v. APPLE, INC., C.A. No. 1:26–01889

Eastern District of Virginia

DOE v. APPLE, INC., C.A. No. 1:26–02114

Western District of Washington

HUSSEIN v. APPLE, INC., C.A. No. 2:26–02583

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2789 − **IN RE: PROTON−PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)**

Motion of Defendant AstraZeneca Pharmaceuticals LP to transfer the following action to the United States District Court for the District of New Jersey:

Northern District of California

BENTZ v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:26−06449

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of Defendants 3M Company and Corteva, Inc., et al., to transfer of the following actions to the United States District Court for the District of South Carolina:

Eastern District of North Carolina

AQUA NORTH CAROLINA, INC. v. CORTEVA, INC., ET AL., C.A. No. 5:26−00218
AQUA NORTH CAROLINA, INC. v. CORTEVA, INC., ET AL., C.A. No. 7:23−00016

Eastern District of Pennsylvania

WEST, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:25−05252

Oppositions of Plaintiffs Willingnboro Municipal Utilities Authority and the State of New York to transfer of the following actions to the United States District Court for the District of South Carolina:

District of New Jersey

WILLINGBORO MUNICIPAL UTILITIES AUTHORITY v. METHODE ELECTRONICS, INC., ET AL., C.A. No. 1:26−03192

Northern District of New York

PEOPLE OF THE STATE OF NEW YORK v. 3M COMPANY, ET AL., C.A. No. 1:26−01401

MDL No. 2931 − **IN RE: DELTA DENTAL ANTITRUST LITIGATION**

Oppositions of Plaintiffs Daniel Meir Klein DDS APC, et al., and Jeffrey J. Henneberg, D.D.S., P.C., to transfer of the following actions to the United States District Court for the Northern District of Illinois:

Central District of California

DANIEL MEIR KLEIN DDS APC, ET AL., v. DELTA DENTAL OF CALIFORNIA, C.A. No. 2:26−05974

District of Massachusetts

LEVENSON, DMD, ET AL. v. DENTAL SERVICE OF MASSACHUSETTS, INC., C.A. No. 1:26−12519

Eastern District of Michigan

FRITZ, ET AL. v. DELTA DENTAL PLAN OF MICHIGAN, INC., C.A. No. 5:26−11836

Western District of Washington

HENNEBERG v. DELTA DENTAL OF WASHINGTON, C.A. No. 2:26−02185

Eastern District of Wisconsin

CUDAHY DENTAL ASSOCIATES SC v. DELTA DENTAL OF WISCONSIN, INC., C.A. No. 2:26−00995

MDL No. 3084 − **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

Opposition of Plaintiff Jane Doe to transfer of the following action to the United States District Court for the Northern District of California:

District of Arizona

UNKNOWN PARTY v. UBER TECHNOLOGIES INCORPORATED, ET AL., C.A. No. 4:26−00370

MDL No. 3094 − **IN RE: GLUCAGON−LIKE PEPTIDE−1 RECEPTOR AGONISTS (GLP−1 RAS) PRODUCTS LIABILITY LITIGATION**

Motion of Defendant Novo Nordisk Inc. to transfer of the following action to the United States District Court for the Eastern District of Pennsylvania:

Middle District of North Carolina

PEARSALL v. NOVO NORDISK, C.A. No. 1:26−00475

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of Plaintiffs Montgomery Radiology Associates, Inc., et al, and Surgical Recovery Solutions, LLC, et al., to transfer of the following actions to the United States District Court for the District of Minnesota:

Western District of Virginia

RADIOLOGY ASSOCIATES OF ROANOKE, P.C., ET AL. v. OPTUM, INC., ET AL., C.A. No. 7:26−00527

Middle District of Tennessee

FAMILY CARE MEDICAL CENTER, P.A. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00933
HEALTHCARE ADMINISTRATIVE, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00934
LUTZE CONSULTING, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00935
MIND OVER MATTERS, PLLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00936
RED HOUSE MEDICAL BILLING MI LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00937
SURGICAL RECOVERY SOLUTIONS, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00938
THE AUCTUS GROUP, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00939

MDL No. 3171 − **IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION**

Opposition of Plaintiffs Jane Doe (A.P.), et al., to transfer of the following action to the United States District Court for the Northern District of California:

District of Arizona

DOE (A.P.), ET AL. v. LYFT INCORPORATED, ET AL., C.A. No. 2:26−04231

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to the parties. The Panel may continue its consideration of any scheduled matters.

(b) Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session. The Panel may dispense with oral argument in any given matter if it determines that:

(i) the dispositive issue(s) have been authoritatively decided;

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process; or

(iii) circumstances have rendered oral argument impracticable

The Panel typically hears oral argument on motions to create a new MDL and dispenses with oral argument for motions involving transfer to or remand from an existing MDL. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the case documents

(d) Notification of Oral Argument. The Panel shall promptly notify the parties of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the case documents. The Clerk of the Panel shall require parties to file and serve notice of their intent to either make or waive oral argument. Failure to file an oral argument notice shall be deemed a waiver of oral argument. If a party or the party's counsel does not attend oral argument, the matter shall not be rescheduled, and that party's position shall be treated as submitted for decision on the basis of the case documents.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) Duty to Confer. The parties in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for the parties to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of (and typically fewer than) 20 minutes for oral argument in each motion for centralization under consideration. The time allotted shall be divided among those with varying viewpoints. The moving party or parties shall generally be heard first. Due to the brief time allotted for oral argument in each matter, the Panel strongly discourages the use of demonstrative exhibits during the presentation of oral argument.